## Griscom's Estate (No. 2).

Argued September 28, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Alexander H. Hunter,* of *Hunter & Buffington,* for appellant.

*Watson B. Adair,* with him *Hugh M. Patton,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 27, 1939:

Elizabeth S. Griscom died in 1918, survived by her husband, George S. Griscom. He died in 1920. She left a son, George S. Griscom, Jr., who died March 11, 1938, never having married. By her will, she left her estate in trust, to pay the income to her husband and son for life; after the death of the husband to the son for life and after the death of the son, to any widow of the son for life or during widowhood. The residuary estate was given to the lineal descendants of the son and in the event that there were no lineal descendants, to her sister, Eveline McD. Schwartz.

The court awarded the entire balance of the estate to Eveline McD. Schwartz. The executor of George S. Griscom, Jr., contends that the gift of the remainder to the testatrix's sister was void in that it violated the rule against perpetuities and that an intestacy resulted. The same argument is made as that put forth in the preceding case, that the son may have married a woman born

after the testatrix's death, and in that event the remainder to the sister would not have vested within a life or lives in being and twenty-one years thereafter. The language of the will is: "If he [George S. Griscom, Jr.] surviving my said husband and dying leaves no wife or children or other lineal descendants to survive him, and to take under the provisions hereof, then at the date of the death of the survivor of my said husband and son, I give, devise and bequeath all my estate to my youngest sister, Eveline McD. Schwartz." This sets forth a separable contingency and the case is ruled in favor of appellee on the principle set forth in the preceding case.

Decree affirmed at appellant's cost.